VICK LAW GROUP, APC
  Scott Vick (No. 171944)
  Lital Gilboa (No. 263372)
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 784-6225
Facsimile: (213) 985-7155
Scott@vicklawgroup.com
Lital@vicklawgroup.com

Attorneys for Defendant
ANDREW TRADER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA INVESTMENT, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>ZYNGA INC. and ANDREW TRADER,<br><br>       Defendants. | Case No. CV 11-3500-JSW<br><br>**DEFENDANT ANDREW TRADER'S NOTICE OF MOTION AND MOTION TO INTERVENE AS A DEFENDANT TO THE FIRST CAUSE OF ACTION FOR PURPORTED MANDATORY INJUNCTION**<br><br>**Filed Contemporaneously With:**<br>(1) [Proposed] Notice of Motion and Motion; Memorandum of Points & Authorities<br>(2) [Proposed] Declaration of Scott Vick<br>(2) [Proposed] Request for Judicial Notice; and<br>(3) [Proposed] Order Dismissing First Cause of Action<br><br>Date:         October 14, 2011<br>Time:         9:00 A.M.<br>Location:   Courtroom 11 |

## **NOTICE OF MOTION AND MOTION TO INTERVENE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Andrew Trader ("Mr. Trader") will and hereby does move this Court for leave to intervene as to the First Cause of Action of the Complaint for purported Mandatory Injunction ("Motion"). In the Motion, Mr. Trader respectfully requests that the Court grant Mr. Trader leave to file a motion and related papers seeking the dismissal of the First Cause of Action for purported Mandatory Injunction and deem the Motion to Dismiss and related papers filed as of August 5, 2011.

This Motion is made pursuant Federal Rule of Civil Procedure Rules 24(a) and (b) on the grounds that: (1) Defendant Andrew Trader has significantly protectable interests that will be impaired if Plaintiff' prevails on its purported First Cause of Action for a mandatory injunction, and that Defendant Trader's interests are inadequately represented by the current parties to the action, and (2) Mr. Trader has defenses that shares with the main action, and with the existing claim against him, common questions of law or fact.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice and accompanying exhibits filed therewith, the Declaration of Scott Vick, argument of counsel, on all the pleadings and papers of record in this matter, and on such other oral argument and documentary evidence which may be presented prior to or at the hearing of this Motion.

## **STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Defendant Andrew Trader (who is named as a defendant to the Fourth Cause of Action of the Complaint) may properly intervene as a defendant to the First Cause of Action of the Complaint under Federal Rule of Civil Procedure, Rule 24(a) or Rule 24(b), and be granted leave to file a motion seeking the dismissal of the First Cause of Action of the Complaint for purported Mandatory Injunction on the grounds that subject matter of

///

///

**Defendant Andrew Trader's Notice of Mtn And Mtn. To Intervene; Memo of P's and A's In Support Thereof**     CASE NO. CV 11-3500 JSW

the cause of action is Mr. Trader's stock, and the requested relief would necessarily have have to be issued not only against Zynga, but also against Mr. Trader?

DATED: August 5, 2011                VICK LAW GROUP, APC

By:  /s/ Scott Vick

VICK LAW GROUP, APC
  Scott Vick (No. 171944)
  Lital Gilboa (No. 263372)

Attorneys for Defendant
ANDREW TRADER

ii

**Defendant Andrew Trader's Notice of Mtn And Mtn. To Intervene; Memo of P's and A's In Support Thereof**     CASE NO. CV 11-3500 JSW

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Andrew Trader ("Mr. Trader") is a party to this lawsuit who is named as a defendant in the Complaint's Fourth Cause of Action for purported Breach of Contract. Concurrently herewith, Mr. Trader has filed a motion to dismiss the Complaint's Fourth Cause of Action.

Although Mr. Trader is not named as a defendant to the Complaint's First Cause of Action for a purported Mandatory Injunction (Compl. ¶¶ 75-80), the subject of that cause of action is Mr. Trader's stock. Moreover, for Plaintiff to obtain the relief it requests, Mr. Trader would in effect be forced to re-tender his stock. Thus, although Mr. Trader is not named as a defendant to that cause of action, the injunction Plaintiff seeks necessarily would be imposed not only against Zynga, but also Mr. Trader. Therefore, Mr. Trader respectfully requests leave to intervene to file a motion to dismiss and supporting papers seeking dismissal of the Complaint's First Cause of Action involving Mr. Trader's stock. Mr. Trader's proposed motion to dismiss the First Cause of action and supporting papers are attached hereto. Mr. Trader respectfully requests that the attached papers be deemed filed as of August 5, 2011 should the Court grant Mr. Trader leave to intervene with respect to the First Cause of Action.

Intervention as a matter of right under Federal Rule of Civil Procedure 24(a) is appropriate whenever: (1) the motion is timely; (2) the applicant has a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest; and (4) the applicant's interest is inadequately represented by the parties to the action. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995). Rule 24(a) is construed liberally in favor of intervenors. *See Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

Mr. Trader meets all four criteria for intervention as a matter of right:

- This application is timely because it is being filed within the time allowed for the existing defendants to file motions to dismiss. *See U.S. ex rel. McGough v.*

1

**Defendant Andrew Trader's Notice of Mtn And Mtn. To Intervene; Memo of P's and A's In Support Thereof**

CASE NO. CV 11-3500 JSW

*Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (relevant considerations for timeliness are stage of litigation, prejudice to other parties and delay);

- Mr. Trader has a significantly protectable interest in filing a motion to dismiss because the subject of the Complaint's First Cause of Action for a purported Mandatory Injunction concerns stock that belongs to Mr. Trader;

- Because the Complaint's First Cause of Action concerns the ownership of Mr. Trader's stock, Zygna (the only defendant to that cause of action) does not share the same interests or have the same incentives to oppose the claim, and cannot adequately represent Mr. Trader's interests with respect to that claim.

As an alternative basis for intervention, this Court should permit Mr. Trader to intervene under Federal Rule of Civil Procedure 24(b), which provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact" where it will not unduly prejudice or delay the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b). There is no danger of delay or prejudice here; Mr. Trader merely seeks to move to dismiss a claim in a complaint that will be subject to other concurrent motions to dismiss. *See VFD Consulting*, 2005 WL 1115870 at *5 ("[applicant's] intervention will not unduly delay or prejudice the rights of the existing parties"). Mr. Trader respectfully requests that the Court grant him leave to intervene to move to dismiss the First Cause of Action.

DATED: August 5, 2011          VICK LAW GROUP, APC

                               By:   /s/  Scott Vick

                               VICK LAW GROUP, APC
                                 Scott Vick (No. 171944)
                                 Lital Gilboa (No. 263372)

                               Attorneys for Defendant
                               ANDREW TRADER

2

**Defendant Andrew Trader's Notice of Mtn And Mtn. To            CASE NO. CV 11-3500 JSW
Intervene; Memo of P's and A's In Support Thereof**