| | |
|---|---|
| Gerald E. Hawxhurst (Bar No. 220327)<br>jerry@cronehawxhurst.com<br>Joshua P. Gelbart (Bar No. 274021)<br>jgelbart@cronehawxhurst.com<br>CRONE HAWXHURST LLP<br>10880 Wilshire Blvd., Suite 1150<br>Los Angeles, California 90024<br>Telephone: (310) 893-5150<br>Facsimile: (310) 893-5195<br><br>Attorneys for Plaintiff<br>Alpha Investment, LLC | Jacob S. Pultman (*Admitted Pro Hac Vice*)<br>jacob.pultman@newyork.allenovery.com<br>Andrew H. Reynard (*Admitted Pro Hac Vice*)<br>andrew.reynard@newyork.allenovery.com<br>Molly C. Spieczny (*Admitted Pro Hac Vice*)<br>molly.spieczny@newyork.allenovery.com<br>ALLEN & OVERY LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 610-6300<br>Facsimile: (212) 610-6399<br><br>Attorneys for Plaintiff<br>Alpha Investment, LLC |
| Stephen C. Neal (170085)<br>John C. Dwyer (136533)<br>Jeffrey M. Kaban (235743)<br>COOLEY LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>Attorneys for Defendant<br>Zynga Inc. | Scott Vick (No. 171944)<br>Lital Gilboa (No. 263372)<br>VICK LAW GROUP<br>800 West Sixth Street, Suite 1220<br>Los Angeles California 90017<br>Telephone: (213) 784-6225<br>Facsimile: (213) 985-7155<br>Scott@vicklawgroup.com<br>Lital@vicklawgroup.com<br><br>Attorneys for Defendant<br>Andrew Trader |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA INVESTMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZYNGA INC. and ANDREW TRADER,<br><br>Defendants. | CASE NO. CV 11-3500-JSW<br><br>**STIPULATION REGARDING HEARING AND CASE MANAGEMENT CONFERENCE**<br><br>[PROPOSED] ORDER ~~SUBMITTED HEREWITH~~ |

WHEREAS, the Complaint in the above-captioned action was filed on July 15, 2011 and the Initial Case Management Order scheduled a Case Management Conference for October 27, 2011;

984669 v2/HN

1

1 WHEREAS, on August 1, 2011, the Court entered an Order scheduling the Case
2 Management Conference for October 28, 2011;

3 WHEREAS, motions to dismiss and a motion to intervene (the "Motions") were filed on
4 August 5, 2011 and noticed for oral argument on November 4, 2011;

5 WHEREAS, briefing on the Motions was completed on September 7, 2011;

6 WHEREAS, on September 14, 2011, the parties stipulated and agreed that, with the
7 consent of the Court, the Case Management Conference should be adjourned until November 4,
8 2011, so as to coincide with oral argument on the Motions;

9 WHEREAS, on September 15, 2011, the Court entered an Order scheduling the Case
10 Management Conference for November 4, 2011, immediately following oral argument on the
11 Motions;

12 WHEREAS, on October 27, 2011, an Amended Clerk's Notice was entered in this action
13 rescheduling for December 16, 2011 the oral argument on the Motions and the Case Management
14 Conference that had been previously scheduled for November 4, 2011;

15 WHEREAS, due to a scheduling conflict, lead counsel for Defendant Zynga Inc.
16 ("Zynga") is unable to attend the oral argument on the Motions or the Case Management
17 Conference on December 16, 2011;

18 WHEREAS, the Court's Clerk has informed counsel for Zynga that the earliest date on
19 which oral argument on the Motions and the Case Management Conference can be held is
20 February 10, 2012;

21 WHEREAS, on October 14, 2011, the parties held a conference pursuant to Federal Rule
22 of Civil Procedure 26(f), but, as a result of the foregoing, the parties will need to develop an
23 alternative mutually agreeable schedule;

24 WHEREAS, on November 8, 2011, the parties held a conference to discuss this stipulation
25 and the staging of document discovery, on the one hand, and deposition and other forms of
26 discovery, on the other; and

27 WHEREAS, the parties seek the prompt resolution of this action;

28 NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between

984669 v2/HN

2

the parties to this action, through the undersigned counsel of record, as follows:

1. Subject to the consent of the Court, oral argument on the Motions and the Case Management Conference shall be adjourned until February 10, 2012 at 9:00 a.m.;

2. The parties may serve requests for the production of documents, requests for admission for purposes of authentication and third-party document subpoenas prior to February 10, 2012;

3. The parties shall not serve interrogatories, requests for admission other than for purposes of authentication, deposition notices or forms of discovery other than those set forth in Paragraph 2 above prior to February 10, 2012;

4. Neither the adjournment of the oral argument on the Motions or the Case Management Conference, nor the pendency of the Motions, shall be cited or otherwise used by any party as grounds for objecting to requests for the production of documents, requests for admission for purposes of authentication or third-party document subpoenas that are served by the parties prior to February 10, 2012; and

5. The parties to this action enter this stipulation without prejudice to any parties' rights with respect to discovery, including but not limited to a party's right to serve, object to, move to compel, quash or stay discovery, or to seek further relief from the Court as appropriate.

DATED: November 14, 2011

COOLEY LLP

By _____
Jeffrey M. Kaban (235743)
Attorneys for Defendant Zynga Inc.

DATED: November __, 2011

VICK LAW GROUP, APC

By _____
Scott Vick (171944)
Attorneys for Defendant Andrew Trader

984669 v2/HN

3

1 | the parties to this action, through the undersigned counsel of record, as follows:

2 |     1. Subject to the consent of the Court, oral argument on the Motions and the Case
3 | Management Conference shall be adjourned until February 10, 2012 at 9:00 a.m.;

4 |     2. The parties may serve requests for the production of documents, requests for admission
5 | for purposes of authentication and third-party document subpoenas prior to February 10, 2012;

6 |     3. The parties shall not serve interrogatories, requests for admission other than for purposes
7 | of authentication, deposition notices or forms of discovery other than those set forth in Paragraph
8 | 2 above prior to February 10, 2012;

9 |     4. Neither the adjournment of the oral argument on the Motions or the Case Management
10 | Conference, nor the pendency of the Motions, shall be cited or otherwise used by any party as
11 | grounds for objecting to requests for the production of documents, requests for admission for
12 | purposes of authentication or third-party document subpoenas that are served by the parties prior
13 | to February 10, 2012; and

14 |     5. The parties to this action enter this stipulation without prejudice to any parties' rights with
15 | respect to discovery, including but not limited to a party's right to serve, object to, move to
16 | compel, quash or stay discovery, or to seek further relief from the Court as appropriate.

18 | DATED: November __, 2011         COOLEY LLP

20 |                                  By _____
21 |                                  Jeffrey M. Kaban (235743)
     |                                  Attorneys for Defendant Zynga Inc.

25 | DATED: November 14, 2011         VICK LAW GROUP, APC

27 |                                  By _Scott Vick_ (signature)
28 |                                  Scott Vick (171944)
     |                                  Attorneys for Defendant Andrew Trader

984669 v2/HN

3

1
2
3
4  DATED: November 14, 2011          ALLEN & OVERY LLP
5
6                                    By _____
                                     Jacob S. Pultman (admitted *pro hac vice*)
7                                    Attorneys for Plaintiff Alpha Investment, LLC
8
9  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

   DATED: November 15, 2011
10
11                                   _____
12                                   HONORABLE JEFFREY S. WHITE
                                     UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

984669 v2/HN                          4
                                      Stipulation regarding Hearing and Case Management Conference
                                      Case No. CV 11-3500-JSW