CRONE HAWXHURST
Gerald E. Hawxhurst (Bar No. 220327)
jerry@cronehawxhurst.com
Joshua P. Gelbart (Bar No. 274021)
jgelbart@cronehawxhurst.com
10880 Wilshire Blvd., Suite 1150
Los Angeles, California 90024
Telephone:    (310) 893-5150
Facsimile:    (310) 893-5195

Attorneys for Plaintiff
Alpha Investment, LLC

ALLEN & OVERY LLP
Jacob S. Pultman (Admitted Pro Hac Vice)
jacob.pultman@allenovery.com
Andrew H. Reynard (Admitted Pro Hac Vice)
andrew.reynard@allenovery.com
Molly C. Spieczny (Admitted Pro Hac Vice)
molly.spieczny@allenovery.com
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 610-6300
Facsimile:    (212) 610-6399

Attorneys for Plaintiff
Alpha Investment, LLC

COOLEY LLP
John C. Dwyer (Bar No. 136533)
(dwyerjc@cooley.com)
Jeffrey M. Kaban (Bar No. 235743)
(jkaban@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, California  94306-2155
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendant
Zynga Inc.

VICK LAW GROUP
Scott Vick (Bar No. 171944)
scott@vicklawgroup.com
Lital Gilboa (Bar No. 263372)
lital@vicklawgroup.com
Jessica Han (Bar No. 228859)
jessica@vicklawgroup.com
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone:    (213) 784-6225
Facsimile:    (213) 985-7155

Attorneys for Defendant Andrew Trader

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALPHA INVESTMENT, LLC,

Plaintiff,

v.

ZYNGA INC. and ANDREW TRADER,

Defendant.

Case No.  CV 11-3500 JSW

**STIPULATED PROTECTIVE ORDER**

Judge: Hon. Jeffrey S. White

## 1.  PURPOSE AND LIMITATIONS

Plaintiff Alpha Investment, LLC ("Alpha"), Defendant Zynga Inc. ("Zynga"), and Defendant Andrew Trader, through their respective counsel, in order to expedite the flow of

discovery material and facilitate the prompt resolution of disputes regarding the applicability, scope and appropriate effect of Rule 26(c) of the Federal Rules of Civil Procedure, stipulate to the entry of the following protective order (the "Protective Order") to prescribe methods for the confidential designation and use of discovery material. The Protective Order is intended solely to facilitate discovery and is not intended to expand any rights that any party may have under Fed. R. Civ. P. 26(c) to restrict disclosure of discovery materials in any manner.

**2.  DEFINITIONS**

**(a)** ACTION shall mean the above captioned action and all related actions.

**(b)** CONFIDENTIAL information shall mean LITIGATION MATERIAL that qualifies for protection from disclosure under Rule 26(c) of the Federal Rules of Civil Procedure.

**(c)** HOUSE COUNSEL shall mean attorneys who are employees of a PARTY to this ACTION, as well as such attorneys' support staff.

**(d)** OUTSIDE COUNSEL shall mean attorneys who are not employees of a PARTY to this ACTION but are retained to represent or advise a PARTY to this ACTION and have appeared in this ACTION on behalf of that party or are affiliated with a law firm that has appeared on behalf of that PARTY, as well as such attorneys' support staff.

**(e)** DESIGNATING PARTY shall mean a PARTY that designates LITIGATION MATERIAL as CONFIDENTIAL.

**(f)** EXPERT shall mean a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a PARTY or its COUNSEL to serve as an expert witness or as a consultant in this ACTION.

**(g)** LITIGATION MATERIAL shall mean all items or information, regardless of the medium or manner in which it is generate, stored, or maintained (including, among other things, documents; depositions; deposition exhibits, testimony, and transcripts; interrogatory responses and responses to requests for admissions; pretrial testimony; affidavits, declarations, affidavit exhibits, and declaration exhibits; pleadings; briefs; memoranda; expert reports; testimony given at trial; materials offered and introduced into evidence; and any other information produced,

1    furnished or disclosed by any PARTY or NON-PARTY to any other PARTY), that are produced

2    or generated in disclosures or responses to discovery in this ACTION.

3           **(h)** NON-PARTY shall mean any natural person, partnership, corporation, association,

4    or other legal entity not named as a PARTY to this ACTION.

5           **(i)** PARTY shall mean any party to this ACTION, including its officers, directors,

6    employees, OUTSIDE COUNSEL, and those of its parents, subsidiaries, divisions, branches,

7    affiliates, and predecessors or successors-in-interest, as well as their support staffs.

8           **(j)** PRODUCING PARTY shall mean any PARTY that produces, furnishes, or

9    discloses LITIGATION MATERIAL in this ACTION.

10          **(k)** PROTECTED MATERIAL shall mean LITIGATION MATERIAL that has been

11   designated as CONFIDENTIAL.

12          **(l)** PROFESSIONAL VENDORS shall mean persons or entities that provide

13   litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

14   demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

15   employees and subcontractors.

16          **(m)** RECEIVING PARTY shall mean any PARTY that receives LITIGATION

17   MATERIAL from a PRODUCING PARTY.

18   **3.   SCOPE**

19          The protections conferred by this Protective Order cover not only PROTECTED

20   MATERIAL, but also: (1) any information copied or extracted from PROTECTED

21   MATERIAL; (2) all copies, excerpts, summaries, or compilations of PROTECTED

22   MATERIAL; and (3) any testimony, conversations, or presentations by any PARTY that might

23   reveal PROTECTED MATERIAL.  However, the protections conferred by this Protective

24   Order do not cover the following information:  (a)  any information that is in the public

25   domain at the time of disclosure to a RECEIVING PARTY or becomes part of the public

26   domain after its disclosure to a RECEIVING PARTY as a result of publication not involving a

27   violation of this Order, including becoming part of the public record through trial or

28   otherwise; and (b) any information known to the RECEIVING PARTY prior to the disclosure

1  or obtained by the RECEIVING PARTY after the disclosure from a source who obtained the
2  information lawfully and under no obligation of confidentiality to the DESIGNATING
3  PARTY.  Any use of PROTECTED MATERIAL at trial shall be governed by a separate
4  agreement or order.

**4.    DURATION**

6  Even after final disposition of this litigation, the confidentiality obligations imposed by
7  this Protective Order shall remain in effect until a DESIGNATING PARTY agrees otherwise in
8  writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1)
9  dismissal of all claims and defenses in this action, with or without prejudice; and (2)
10 final judgment herein after the completion and exhaustion of all appeals, rehearings, remands,
11 trials, or reviews of this action, including the time limits for filing any motions or
12 applications  for extension of time pursuant to applicable law.

**5.    DESIGNATION AND PRODUCTION OF LITIGATION MATERIAL**

**(a) Designation of Documents and Things**

15 A PARTY may designate any LITIGATION MATERIAL as CONFIDENTIAL by
16 placing on each page and thing to which the designation applies the legend "CONFIDENTIAL".

17 In the event a PRODUCING PARTY elects to produce LITIGATION MATERIAL for
18 inspection, no designation need be made by the PRODUCING PARTY in advance of the
19 inspection, and all inspected LITIGATION MATERIAL shall be treated as CONFIDENTIAL
20 during the inspection and before designation.  After the inspecting PARTY has identified the
21 documents it wanted copied and produced, the PRODUCING PARTY must determine which
22 documents qualify for protection and designate such copies accordingly.

23 All LITIGATION MATERIAL, and copies thereof, produced in this ACTION shall be
24 given unique production numbers by the PRODUCING PARTY, and each PRODUCING
25 PARTY shall identify itself by use of a unique number prefix.

**(b) Designation of Testimony**

27 A PARTY may designate any LITIGATION MATERIAL as CONFIDENTIAL by so
28 indicating on the record at the deposition.

In addition, a PARTY may designate in writing, within twenty (20) days after receipt of said responses or of the official deposition transcript that specific pages of the transcript and/or specific responses be treated as CONFIDENTIAL. Until that twenty (20)-day period has elapsed, the transcript and/or specific responses shall be treated as CONFIDENTIAL.

When information contained in a transcript is designated CONFIDENTIAL, the DESIGNATING PARTY shall have the responsibility to arrange for the reporter to label appropriately the designated potions of the transcript and any designated deposition exhibits.

When PROTECTED MATERIAL is to be disclosed at a deposition or other proceeding, the DESIGNATING PARTY may exclude from the room any person not qualified to receive the PROTECTED MATERIAL under the terms of this Protective Order.

**(c) Information Produced in Other Forms**

A PARTY may designate any LITIGATION MATERIAL as CONFIDENTIAL by so applying the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored.

**(d) Inadvertent Failure to Designate**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the DESIGNATING PARTY's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the RECEIVING PARTY must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

Any RECEIVING PARTY may at any time object to the CONFIDENTIAL designation of any PROTECTED MATERIAL and request that the DESIGNATING PARTY cancel the CONFIDENTIAL designation. Such request shall be written, shall be served on OUTSIDE COUNSEL for the DESIGNATING PARTY, and shall identify by Bates number the PROTECTED MATERIAL designated as CONFIDENTIAL that the RECEIVING PARTY contends is not CONFIDENTIAL and the reasons supporting its contentions. If the DESIGNATING PARTY does not agree that the PROTECTED MATERIAL at issue should no

longer be considered CONFIDENTIAL under this Protective Order, then the DESIGNATING PARTY and RECEIVING PARTY shall confer promptly in a good faith effort to resolve the dispute. If after timely notice and conference the parties fail to resolve their dispute, the parties shall seek resolution of the dispute in accordance with the Court's standing order. The burden of persuasion in any such challenge proceeding shall be on the DESIGNATING PARTY. Until the Court issues a ruling on the proper confidentiality designation the LITIGATION MATERIAL will remain PROTECTED MATERIAL under this Order. The Court's ruling will determine whether the CONFIDENTIAL designation will continue or cease.

**7. USE, ACCESS TO, AND DISCLOSURE OF PROTECTED MATERIAL**

**(a) Basic Use Information or Items**

A RECEIVING PARTY may use PROTECTED MATERIAL that is disclosed or produced by another PARTY or NON-PARTY in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such PROTECTED MATERIAL may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

**(b) Use of Information or Items at Hearing or at Trial**

Without written permission from the DESIGNATING PARTY or a court order secured after appropriate notice to all interested persons, a PARTY may not file in the public record in this ACTION any PROTECTED MATERIAL. A PARTY that seeks to file under seal any PROTECTED MATERIAL must comply with Civil Local Rule 79-5. PROTECTED MATERIAL may only be filed under seal pursuant to a court order authorizing the sealing of the specific PROTECTED MATERIAL at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the PROTECTED MATERIAL at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a RECEIVING PARTY's request to file PROTECTED MATERIAL under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the RECEIVING PARTY may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**(c) Access to Information or Items**

PROTECTED MATERIAL must be stored and maintained by a RECEIVING PARTY at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

**(d) Disclosure of Information**

Unless ordered by the court or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY may disclose PROTECTED MATERIAL only to:

i.   its OUTSIDE COUNSEL;

ii.  its HOUSE COUNSEL;

iii. its officers, directors, and employees to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

iv.  EXPERT(s) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

v.   the Court and its personnel;

vi.  court reporters and their staff, professional jury or trial consultants, mock jurors, and PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

vii. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, unless otherwise agreed by the DESIGNATING PARTY or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

viii. The author or recipient of a document containing the information or a custodian of the information.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a PARTY is served with a subpoena or a court order issued in other litigation that compels disclosure of any PROTECTED MATERIAL, that PARTY must:

i.  promptly notify in writing the DESIGNATING PARTY, including a copy of the subpoena or court order in the notification.

ii.  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

iii.  cooperate with respect to all reasonable procedures sought to be pursued by the DESIGNATING PARTY whose PROTECTED MATERIAL may be affected.

If the DESIGNATING PARTY timely seeks a protective order, the PARTY served with the subpoena or court order shall not produce any PROTECTED MATERIAL before a determination by the court from  which  the subpoena or order issued, unless the PARTY has obtained the DESIGNATING PARTY's permission.  The DESIGNATING PARTY shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a RECEIVING PARTY in this ACTION to disobey a lawful directive from another court.

**9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCE IN THIS LITIGATION**

**(a) Information or Items Produced by a NON-PARTY**

The terms of this Protective Order are applicable to information produced by a NON-PARTY in this ACTION and designated as "CONFIDENTIAL."  Such information or items produced by NON-PARTIES in connection with this litigation are protected by the remedies and relief provided by this Protective Order.  Nothing in this Protective Order should be construed as prohibiting a NON-PARTY from seeking additional protections.

**(b) NON-PARTY Information or Items Produced by a PARTY**

In the event that a PARTY is required, by a valid discovery request, to produce a NON-PARTY's confidential information in its possession, and the PARTY is subject to an agreement with the NON-PARTY not to produce the NON-PARTY's confidential information, then the PARTY shall:

> i.  promptly notify in writing the REQUESTING PARTY and the NON-PARTY that some or all of the information requested is subject to a confidentiality agreement with a NON-PARTY;

> ii.  promptly provide the NON-PARTY with a copy of the Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

> iii.  make the information requested available for inspection by the NON-PARTY.

If the NON-PARTY fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the RECEIVING PARTY may produce the Non-Party's confidential information responsive to the discovery request.  If the NON-PARTY timely seeks a protective order, the RECEIVING PARTY shall not produce any information in its possession or control that is subject to the confidentiality agreement with the NON-PARTY before a determination by the court[1].  Absent a court order to the contrary, the NON-PARTY shall bear the burden and expense of seeking protection in this court of its confidential information.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has disclosed PROTECTED MATERIAL to any person or in any circumstance not authorized under this Protective Order, the RECEIVING PARTY must immediately:

> **(a)** notify in writing the DESIGNATING PARTY of the unauthorized disclosures,

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a NON-PARTY and to afford the NON-PARTY an opportunity to protect its confidentiality interests in this court.

**(b)** use its best efforts to retrieve all unauthorized copies of the PROTECTED MATERIAL,

**(c)** inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and

**(d)** Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

**(a) Inadvertent Production Does Not Constitute a Waiver**

If LITIGATION MATERIAL that is subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege is inadvertently produced or disclosed ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other applicable privilege.

**(b) Timing**

Within ten (10) days after the discovery of the inadvertent production, the Producing Party shall give notice to the Receiving Party that privileged documents or information have been inadvertently produced or disclosed.

**(c) Clawback Procedure If PRODUCING PARTY Discovers Inadvertent Production**

If a claim of inadvertent production is made, pursuant to this Protective Order, with respect to LITIGATION MATERIAL then in the custody of the RECEIVING PARTY, that PARTY shall:

i. refrain from any further examination or disclosure of the claimed Inadvertent Production Material;

ii. promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to OUTSIDE COUNSEL for the PRODUCING PARTY, or destroy all such claimed Inadvertent Production

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CV 11-3500 JSW

Material (including summaries and excerpts) and certify in writing to that fact; and

iii.  not use the Inadvertent Production Material for any purpose until further order of the Court expressly authorizing such use.

A RECEIVING PARTY may move the Court for an order compelling production of the claimed Inadvertent Production Material.  The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.  While such a motion is pending, the LITIGATION MATERIAL in question shall be treated in accordance with paragraph 11(c) above.

**(d) Clawback Procedure If RECEIVING PARTY Discovers Inadvertent Production**

If a Party, in reviewing LITIGATION MATERIAL it has received from the other PARTY or any NON-PARTY, finds anything the reviewing PARTY believes in good faith may be Inadvertent Production Material, that PARTY shall:

i.  refrain from any further examination or disclosure of the potentially Inadvertent Production Material;

ii.  promptly identify the material in question to the PRODUCING PARTY (by document number or other equally precise description); and

iii.  give the PRODUCING PARTY seven (7) days to respond as to whether the material was, in fact, inadvertently produced.  If the PRODUCING PARTY makes a claim of inadvertent production, the provisions of paragraph 11(c) above shall apply.

**12. MISCELLANEOUS**

**(a) Right to Further Relief**

Nothing in this Protective Order abridges the right of any person to seek its modification by court in the future

**(b) Right to Assert Other Objections**

By stipulating to the entry of this Protective Order no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no PARTY waives any right to object on any

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CV 11-3500 JSW

1  ground to the use in evidence of any of the material covered by this Protective Order.

2  **13. FINAL DISPOSITION**

3  Within 60 days after the final disposition of this action, as defined in paragraph 4,
4  each RECEIVING PARTY must return all PROTECTED MATERIAL to the
5  PRODUCING PARTY or destroy such material.  As used in this subdivision, "all PROTECTED
6  MATERIAL" includes all copies, abstracts, compilations, summaries, and any other format
7  reproducing or capturing any of the PROTECTED MATERIAL.

8  Whether the PROTECTED MATERIAL is returned or destroyed, the RECEIVING
9  PARTY must submit a written certification to the PRODUCING PARTY (and, if not the same
10  person or entity, to the DESIGNATING PARTY) by the 60 day deadline that:

11  **(a)** identifies (by category, where appropriate) all the PROTECTED MATERIAL
12  that was returned or destroyed and

13  **(b)** affirms that the RECEIVING PARTY has not retained any copies,
14  abstracts, compilations, summaries or any other format reproducing or capturing any of
15  the PROTECTED MATERIAL.

16  Notwithstanding this provision, OUTSIDE AND HOUSE COUNSEL are each entitled to
17  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
18  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,
19  attorney work product, and consultant and expert work product, even if such materials contain
20  PROTECTED MATERIAL.  Any such archival copies that contain or constitute PROTECTED
21  MATERIAL remain subject to this Protective Order as set forth in paragraph 4.

22  //
23  //
24  //
25  //
26  //
27  //
28  //

Cooley LLP
Attorneys At Law
Palo Alto

12.

[Proposed] Stipulated Protective Order
CV 11-3500 JSW

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

2

3    Dated: January 20, 2012       COOLEY LLP

4

5

6                                     Jeffrey M. Kaban (235743)
                                     Attorneys for Defendant

7                                      ZYNGA INC.

8

9    Dated: January 20, 2012       VICK LAW GROUP, APC

10

11

12                                      Scott Vick (171944)
                                     Attorneys for Defendant

13                                      ANDREW TRADER

14

15

16

17    Dated: January 20, 2012       ALLEN & OVERY LLP

18

19

20                                      Andrew H. Reynard (admitted *pro hac vice*)
                                     Attorneys for Plaintiff

21                                      ALPHA INVESTMENT, LLC

22    PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

24                January 30, 2012

25    DATED: _____                              
                                     Hon. Jeffrey S. White

26

27

28

                     13.        [PROPOSED] STIPULATED PROTECTIVE ORDER
                                                       CV 11-3500 JSW

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of Alpha Investment, LLC v. Zynga Inc. and Andrew Trader, No. CV 11-3500 JSW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____
                        [printed name]

Signature: _____
                      [signature]

Cooley LLP
Attorneys At Law
Palo Alto

14.

[Proposed] Stipulated Protective Order
CV 11-3500 JSW